FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 05, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIMBERLY B., <br><br> Plaintiff, <br><br> v. <br><br> LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 4:23-CV-05089-RHW <br><br> ORDER GRANTING PLAINTFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION AND CLOSING THE FILE <br><br> **ECF Nos. 7, 9** |

**BEFORE THE COURT** is Plaintiff's Motion for Summary Judgment and the Commissioner's Brief in response. ECF Nos. 7, 9. Attorney Chad Hatfield represents Plaintiff; Special Assistant United States Attorneys Jeffrey Staples and Erin Highland represent Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion, ECF No. 7, and **DENIES** Defendant's motion, ECF No. 9.

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on July 21, 2020, alleging onset of disability beginning May 18, 2019. Tr. 23, 100, 205-06.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek, Acting Commissioner of Social Security, is substituted as the named Defendant.

ORDER - 1

1   The application was denied initially and upon reconsideration. Tr. 115-21, 123-26.
2   Administrative Law Judge (ALJ) Jesse K. Shumway held a hearing on March 29,
3   2022 and issued an unfavorable decision on April 19, 2022.[2] Tr. 20-38. The
4   Appeals Council denied Plaintiff's request for review on April 10, 2023, Tr. 1-6,
5   and the ALJ's decision became the final decision of the Commissioner, which is
6   appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this
7   action for judicial review on June 12, 2023. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305

---

[2] The ALJ noted that Plaintiff previously filed an application for Title II benefits on August 4, 2016; an ALJ issued an unfavorable decision on May 17, 2019 and the Appeals Council declined to review the decision on May 2, 2020. Tr. 23; *see* Tr. 56-86. The ALJ noted Plaintiff did not appeal the decision further, the May 17, 2019 decision became final and binding, and that with respect to the unadjudicated period under the current application, there was a rebuttable presumption of continuing non-disability under *Chavez v. Bowen*, 844 F.2d 691, 693; AR 97-4(9). Tr. 23.

ORDER - 2

U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and only briefly summarized here. Plaintiff was born in

ORDER - 3

1972 and was and was 48 years old on the date last insured. She has past work as a dental hygienist.

## ADMINISTRATIVE DECISION

On April 19, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 20-38.

At step one, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through June 30, 2020, had not engaged in substantial gainful activity since the alleged onset date. Tr. 26.

At step two, the ALJ determined Plaintiff had the following severe impairments: bilateral internal carotid artery dissections; right internal carotid artery aneurysm with no recent episode of transient ischemic attack; generalized anxiety disorder; and major depressive disorder. *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 27.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform sedentary work, with the following limitations:

> [Plaintiff] can never crawl or climb ladders, ropes, or scaffolds; she can occasionally reach overhead with the non-dominant upper left extremity; she can frequently handle, finger, and feel objects bilaterally; she must avoid concentrated exposure to hazards (e.g., the use of hazardous machinery, unprotected heights); she can engage in and complete simple, routine tasks; she is capable of a reasoning level of 2 or less; she can adapt to simple, occasional changes in the work setting; and she is capable of occasional, superficial interaction with the public and co-workers.

Tr. 28-29.

At step four, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 32.

ORDER - 4

At step five, the ALJ found that, based on the testimony of the vocational expert at the hearing for Plaintiff's prior application, on April 9, 2019, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of assembler, packager sealer, and document sorter.  Tr. 31-32; *see* Tr. 72-73.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from at any time from the alleged onset date through her June 30, 2020 date last insured.  Tr. 33-34.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act.  The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff raises the following issues for review (1) whether the ALJ properly evaluated the medical opinion evidence; (2) whether the ALJ erred in invoking the *Chavez* presumption of continuing nondisability; (3) whether the ALJ conducted a proper step two analysis; (4) whether the ALJ conducted a proper step three analysis; (5) whether the ALJ properly evaluated Plaintiff's symptom complaints; and (6) whether the ALJ conducted a proper step-five analysis.  ECF No. 7 at 6.

## DISCUSSION

**A.    Medical Opinions**

Plaintiff contends the ALJ improperly evaluated the medical opinion of treating provider Jennifer Charron, M.D.  ECF No. 7 at 9-14.

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 404.1520c(a) and (b).  The factors for

ORDER - 5

evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1)     *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2)     *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the 2017 regulatory framework displaced the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the

ORDER - 6

1  "relationship factors" remain relevant under the new regulations, and thus the ALJ
2  can still consider the length and purpose of the treatment relationship, the
3  frequency of examinations, the kinds and extent of examinations that the medical
4  source has performed or ordered from specialists, and whether the medical source
5  has examined the claimant or merely reviewed the claimant's records. *Id.* at 790,
6  792. Even under the 2017 regulations, an ALJ must provide an explanation
7  supported by substantial evidence when rejecting an examining or treating doctor's
8  opinion as unsupported or inconsistent. *Id*. at 792.

In March 2022, Dr. Charron completed a Medical Report form and rendered an opinion on Plaintiff's level of functioning. Tr. 779-81. Dr. Charron reported she first saw Plaintiff in April 2015 and that her last office visit was in March 2022. Tr. 779. She noted Plaintiff's diagnoses included history of carotid artery dissection, stable; anxiety; depression; Sjogren's and chronic pain syndrome. *Id*. She noted Plaintiff's symptoms included limited range of motion, generalized weakness, stiffness, and muscle spasms, and that signs and relevant findings included diminished range of motion and strength in her upper extremities and difficulty squatting if repetitive. *Id*. She noted treatment had included prescription medication and referrals to physical therapy and psychology. *Id*. Dr. Charron opined that Plaintiff had conditions that were reasonably likely to cause pain, and explained she had "chronic pain syndrome, arthralgias exacerbated by depression, anxiety." *Id*. She opined Plaintiff's prognosis was fair. *Id*. Dr. Charron opined that work on a regular and continuous basis would cause Plaintiff's condition to deteriorate "if the work is repetitive or if she's unable to change positions." *Id*. She opined if Plaintiff attempted to work a 40-hour per week schedule it was more probable than not that Plaintiff would miss some work due to medical impairments "or would need reduced hours." Tr. 780. She opined Plaintiff was limited to sedentary work with occasional use of her upper extremities, and that her limitations had existed since at least June 2020. Tr. 780-81. Dr Charron also

ORDER - 7

explained that "a prior functional assessment has been done. There were limitations which seemed more manageable if activity was not repetitive [and] there was ability to move around and change positions." Tr. 781.

The ALJ found the opinion "partially persuasive as a treating provider who visited with the [Plaintiff] regularly during the relevant period, and I likewise conclude that the [Plaintiff] would be capable of no more than sedentary work." Tr. 30. The ALJ discounted other portions of the opinion, including the occasional use of the upper extremities, because the limitations were vague, unsupported, and inconsistent with the longitudinal record. Tr. 30-31. Supportability and consistency are the most important factors an ALJ must consider when determining how persuasive a medical opinion is. 20 C.F.R. § 404.1520c(b)(2). The more relevant objective evidence and supporting explanations that support a medical opinion, and the more consistent an opinion is with the evidence from other sources, the more persuasive the medical opinion is. 20 C.F.R. § 404.1520c(c)(1)-(2).

The ALJ also determined Dr. Charron's upper extremity limitations were too vague because she did not specify whether "'occasional use' refers to reaching, handling, fingering, pushing, pulling, lifting, carrying etc."; and that her "statements [Plaintiff] should avoid repetitive work are likewise vague and unexplained." Tr. 30-31. However, Dr. Charron explicitly indicated Plaintiff could occasionally reach, handle and finger with the right and left upper extremities. Tr. 780. Dr. Charron also indicated work would cause Plaintiff's condition to deteriorate if repetitive or without the ability to change positions. Dr. Charron explained this limitation was supported by findings from a 2019 functional capacity evaluation. Tr. 779, 781. The evaluation consists of an extensive report with limitations including the need to change positions or move around. Tr. 419-52; *see* Tr. 429. The ALJ never discussed this evaluation concluding "[t]he evaluation results of record are difficult to interpret, as they

ORDER - 8

include data transferred form a chart to a simple document with no corresponding measurements." Tr. 29 (citing Tr. 437). The ALJ's conclusion that Dr. Charron's opinion was inconsistent/unsupported by the longitudinal record is not supported by substantial evidence. If the ALJ could not interpret the evidence Dr. Charron relied on to support her opinion due to an ambiguity, the ALJ had a duty to further developed the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'").

The ALJ's rejection of the limitations in the use of Plaintiff's upper extremities failed to consider the consistency and supportability of Dr. Charron's opinion. Dr. Charron noted objective findings upon exam included reduced range of motion, generalized weakness, stiffness, and muscle spasms, and she indicated that signs and relevant findings included diminished range of motion and strength in her upper extremities. Tr. 779. Dr. Charron also noted Plaintiff's diagnoses, including Sjogren's and chronic pain syndrome, and explained that Plaintiff's conditions were likely to cause pain with "chronic pain syndrome, arthralgias exacerbated by depression, anxiety." *Id*. Review of Dr. Charron's treatment records during the period at issue also shows treatment for chronic pain with objective findings including decreased strength and decreased range of motion upon exam, as well as Plaintiff's reports of increased arthralgias, including pain in the wrists and bilateral hands, as well fatigue, pain, and stiffness aggravated by activity during the period at issue. *See, e.g.*, Tr. 392, 400, 405, 416.

The ALJ's conclusion that portions of Dr. Charron's opinion were vague, unexplained, and unsupported by the longitudinal record is not supported by substantial evidence. Upon remand the ALJ is instructed to reassess all medical opinion evidence with the assistance of medical expert testimony, being mindful to utilize the factors as required by the regulations. The ALJ will adopt the

ORDER - 9

limitations in an opinion or provide reasons supported by substantial evidence to discount the opinion.

**B.    *Chavez***

Plaintiff contends the ALJ improperly applied *Chavez* and AR 97-4(9). ECF No. 7 at 9.

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1998) (citing *Lyle v. Sec'y of Health and Human Servs.*, 700 F.2d 566, 568 n.2 (9th Cir. 1983)).  Under the doctrine of res judicata, a prior, final determination of nondisability bars relitigation of that claim through the date of the prior decision. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995).  Furthermore, in the Ninth Circuit, a prior, final determination of nondisability "create[s] a presumption that [the claimant] continued to be able to work after that date." *Id*. (citation and internal quotation marks omitted).³

"[T]he authority to apply res judicata to the period *subsequent* to a prior determination [however] is much more limited." *Id.* (emphasis in original).  "The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a greater disability." *Chavez*, 844 F.2d at 693 (citation omitted).  Examples of changed circumstances include "[a]n increase in the severity of the claimant's impairment," "a change in the claimant's age

---

³ Acquiescence Ruling (AR) 97-4(9) explains how *Chavez* differs from the Social Security Administration's (SSA) interpretation of Social Security policy requiring de novo review of claims for unadjudicated periods.  The SSA applies the *Chavez* presumption only as to claimants residing in the Ninth Circuit.  Acquiescence Ruling (AR) 97-4(9), available at 1997 WL 742758 at *3.

ORDER - 10

category," and a new issue raised by the claimant, "such as the existence of an impairment not considered in the previous application." *Lester*, 81 F.3d at 827-28 (citations omitted); *see also* AR 97-4(9), 1997 WL 742758, at *3 (Dec. 3, 1997). Even where the presumption is rebutted because of changed circumstances, an adjudicator must adopt certain findings which were made in a final decision by an ALJ or the Appeals Council under the same title of the Social Security Act "unless there is new and material evidence" related to the finding. AR 97-4(9), 1997 WL 742758, at *3; *see also* HALLEX 1-5-4-60, *Implementation of the Chavez Acquiescence Ruling (Ninth Circuit),* 1998 WL 34083439, at *4 (Dec. 28, 1998).

      On May 17, 2019, a prior ALJ found Plaintiff was not disabled. Tr. 23, 56-79. The ALJ in the present case concluded that Plaintiff had rebutted the presumption of continuing disability only "in a threshold sense" by alleging worsening and new impairments. Tr. 24. However, the ALJ concluded the new evidence submitted by Plaintiff did not constitute "material" evidence warranting greater or different restrictions, and therefore the ALJ adopted the prior ALJ's findings. Tr. 23.

      As this claim is remanded for further consideration of the medical opinion evidence, reconsideration must also entail a reassessment of whether the evidence constitutes new and material evidence. Accordingly, the ALJ is instructed to reapply *Chavez* and AR 97-4.

**C.**     **Symptom Claims, Step Two, Step Three, and Step Five**

      Plaintiff contends the ALJ also erred by improperly rejecting Plaintiff's subjective complaints and failed to conduct an adequate analysis at step two, step three, and step five of the sequential analysis. ECF No. 7 at 14-21. Having determined a remand is necessary to readdress the medical opinion evidence and to reperform the sequential analysis, any reevaluation will entail a reassessment of Plaintiff's subjective symptom claims. Thus, the Court declines to reach these issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we

remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and not free of harmful error. The Court finds that further proceedings are necessary to reconsider the evidence with the assistance of medical expert testimony.

On remand, the ALJ is instructed to obtain any relevant updated medical evidence. The ALJ will reassess all medical opinion evidence with the assistance of medical expert testimony, utilizing the factors required. The ALJ will also reperform the sequential analysis and the analysis under *Chavez* and AR 97-4, with the assistance of medical expert and vocational expert testimony, taking into consideration Plaintiff's symptom claims as well as any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 7**, is **GRANTED**. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion, **ECF No. 9**, is **DENIED**.

3. Upon proper presentation, the Court will consider Plaintiff's application for fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

///
///
///
///
///
///

ORDER - 12

The District Court Executive is directed to update the docket sheet to reflect the substitution of Leland Dudek as Defendant, enter this Order, **ENTER JUDGMENT** in favor of Plaintiff, forward copies to counsel, and **CLOSE THE FILE.**

DATED March 5, 2025.

<u>s/Robert H. Whaley</u><br>
ROBERT H. WHALEY<br>
Senior United States District Judge

ORDER - 13